# IN THE COURT OF APPEALS OF IOWA

No. 21-0482
Filed August 31, 2022

**JOHN FRANKLIN DEERING,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Jeffrey Farrell, Judge.

John Deering appeals the denial of his application for postconviction relief following his convictions of first-degree kidnapping, attempt to commit murder, and willful injury. **AFFIRMED.**

Erin M. Carr of Carr Law Firm, P.L.C., for appellant.

Thomas J. Miller, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

Two people put a man in the trunk of a car, took him to a Des Moines park, removed him from the trunk, and hit him with a brick until he lost consciousness. The State charged John Deering with several crimes, including first-degree kidnapping.

The case was tried to the court. In its findings of fact, conclusions of law, and verdict, the court set forth the elements of the first-degree-kidnapping charge as follows:

> 1. On or about April 11, 2014, the defendant, or someone he aided and abetted, confined [a man], or removed [the man] from one place to another, knowing that he had neither the authority nor consent of [the man] to do so; and
> 2. That the defendant, or someone he aided and abetted, confined or removed [the man] with the specific intent to: (a) inflict a serious injury upon him; and/or (b) secretly confine him; and
> 3. That, as a consequence of the kidnapping, [the man] suffered a serious injury.

The district court found in part that, "as a result of their confinement and movement of [the man] and the acts committed in furtherance of the confinement and movement, [the man] suffered a serious injury." Deering was adjudged guilty of kidnapping as well as the other charges. On direct appeal, the court of appeals affirmed his judgment and sentence. *See State v. Deering*, No. 14-1656, 2016 WL 1358491, at *1 (Iowa Ct. App. Apr. 6, 2016).

Deering filed a postconviction-relief application, asserting in part that the man who was placed in the trunk did not suffer serious injuries "as a consequence of the kidnapping" and his trial attorneys were ineffective in failing to challenge that element of the kidnapping charge. The district court was not persuaded. Addressing pertinent caselaw, the court stated:

There are two recent cases that serve as an illustration how the courts have viewed the "as a consequence" language. In *State v. Salkil*, [No. 11-0666, 2012 WL 2406473, at *1 (Iowa Ct. App. Jun. 27, 2012)], the defendant assaulted the victim by hitting him on the head with a baseball bat and then wrapped the victim in plastic, put him in the trunk of a car, and put him in [a] ditch. . . . The defendant argued on appeal that the State did not present sufficient evidence that he suffered serious injury as a consequence of the kidnapping. The court agreed, drawing the distinction that the admitted serious harm was caused by the defendant prior to the kidnapping. There was no evidence to show that the act of the kidnapping, that is, placing the victim in the car and putting him in the ditch, caused any serious injury.

In contrast, the court upheld a first-degree kidnapping conviction in *State v. Sisco*, [No. 16-1170, 2017 WL 3505294, at *1, *4 (Iowa Ct. App. Aug. 16, 2017)] under different facts. . . . In *Sisco,* the defendant removed the victim from outside a residence and took and confined her inside the residence where he committed acts causing serious injury. In that instance, the court held that the evidence supported the conviction. *Id.* (citing *State v. Ronnau*, 881 N.W.2d 469 (Iowa Ct. App. 2016)) (finding no prejudice when the court instructed the jury by using the term "as a result of" rather than "as a consequence of").

This case is analogous to *Sisco.* [The man] was shoved in the trunk of his car and driven to a park where the serious injury was imposed. The serious injury was a consequence of the kidnapping because he was confined and take[n] to the park where the beating took place. Further, his body was dragged from the car to wooded area, showing the continuing nature of the kidnapping. This case is easily distinguishable from *Salkil*, where the record showed all acts causing the injury were complete before the victim was ever confined and removed. Accordingly, applicant's counsel did not breach a duty, and even if they did, there was no prejudice.

On appeal, Deering again asserts "the State did not prove the victim suffered the admitted serious injury as a consequence of the kidnapping." In his view, his trial attorneys were "ineffective" in "failing to move for judgment of acquittal" on this basis. To prevail, Deering had to show (1) deficient performance and (2) prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). On our de novo review, we agree with the district court's analysis and the court's

conclusion that the performance of Deering's trial attorneys was not deficient.  We affirm the court's denial of the postconviction-relief application.

**AFFIRMED.**